**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50950
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

CARLOS LEVARIO,
also known as Carlos Leverio,

Defendant-
Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-134-1
----------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Carlos Levario was convicted of one count of conspiracy to possess 500 grams or more of cocaine with intent to distribute and one count of aiding and abetting possession with intent to distribute the same amount of cocaine. The district court sentenced him to 63 months in prison and four years of supervised release. Levario now appeals his convictions,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguing that the evidence was insufficient to show that he knowingly took part in the crimes of conviction.

Because Levario moved for a judgment of acquittal at the close of the evidence, the standard of review is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998). This court "consider[s] the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices made in support of the verdict." Id.

When viewed in the light most favorable to the Government, the evidence was sufficient for a reasonable jury to conclude that Levario knew that he was to assist in a cocaine-distribution operation by receiving cocaine. The evidence offered at trial was sufficient for a reasonable juror to conclude that Levario had spoken with another member of the conspiracy several times on the day of the delivery and that Levario had been given instructions concerning the delivery of the cocaine. This conclusion is supported by the large amount of drugs with which Levario was to be entrusted and the suspicious nature of his behavior in relation to the delivery. See United States v. Valdiosera-Godinez, 932 F.2d 1093, 1096 (5th Cir. 1991); United States v. Martinez-Moncivais, 14 F.3d 1030, 1034-35 (5th Cir. 1994).

Levario has not shown that the evidence adduced at trial was insufficient to support his convictions. Accordingly, the judgment of the district court is AFFIRMED.